No. 28,459.

THE STATE, ex rel. WILLIAM A. SMITH, Attorney-general, *Appellee*, v. THE CITY OF COFFEYVILLE, *Appellant*.

(275 Pac. 134.)

Opinion filed March 9, 1929.

*Walter S. Keith*, of Coffeyville, for the appellant; *Dallas W. Knapp*, of Coffeyville, of counsel.

*William A. Smith*, attorney-general, for the appellee; *Charles Bucher* and *Barney Bucher*, both of Coffeyville, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was a proceeding in quo warranto brought by the state on the relation of the Hon. W. A. Smith, as attorney-general, against the city of Coffeyville, questioning the authority of the city to exercise jurisdiction and control over adjacent territory which the city had undertaken to annex by an ordinance.

The petition alleged the enactment of the ordinance to annex the territory, describing it as the "Northwest quarter of the northwest quarter of section thirty-six in township thirty-four south of range sixteen east." It was specifically alleged that the tract of land described had not by any of the proprietors or owners thereof, nor with the consent of any of them, been subdivided into blocks and lots with designated streets or alleys extending through the tract or any part thereof. It was further alleged that the land in area exceeds twenty acres and was not then lying within or mainly within the city. It was also alleged that the attempted annexation does not properly describe the territory to be annexed, but did prescribe as follows:

"Section 1. That the corporate limits of the city of Coffeyville, Kansas, be and hereby are extended to include the following tracts of land to wit:

"Beginning on the west side of Walnut street at the center line of First street; thence west along the center line of First street to the center line of Willow street; thence south along the west line of Willow street to the south line of North street, otherwise known and platted as subdivision of the NW. ¼ of the NW. ¼ of section 36, T. 34 S., R. 16 E."

The prayer of the petition is that the plaintiff be ousted from exercising any authority or control over the tract of land described.

An answer was filed by defendant, which refers to the description as given in the plaintiff's petition and alleged that it acted under and within R. S. 13-1601, and chapter 118 of the Laws of 1927, and that it is legal in that the land described in the petition was subdivided into small parcels and that it is known as a subdivision of the northwest quarter of the northwest quarter of section thirty-six, township thirty-four, range sixteen, east, which is of record in the office of the register of deeds. It is then alleged that the subdivision mentioned by plaintiff is so situated that on or before September 13, 1927, the same was adjacent to the city of Coffeyville, and that more than two-thirds of two of the lines or boundaries of this tract lie upon and touch the boundary line of the city of Coffeyville. There is an averment that the annexation ordinance has been amended so as to correct an error in the manner in which lines follow certain streets, but was not amended as to the subdivision previously mentioned nor as to its inclusion into the city of Coffeyville. The ordinance annexing the tract is not set out in full. A motion was made to strike the answer from the files which the parties have treated as a demurrer, and the defendant contends that when the demurrer is carried forward to the petition it must be held that the petition does not state a cause of action. No motion was made to make the petition more definite and certain. The court held the petition to be sufficient and struck the answer from the files.

An examination of the challenged petition makes it clear that the action of the city in the proposed annexation was not a compliance with the statute under which it was attempted. (Laws 1927, ch. 118.) That statute provides that land adjoining or touching the limits of a city which has been subdivided into blocks and lots may be annexed. It further provides that an unplatted piece of land lying within or mainly within the city may also be annexed, and further that an unplatted tract not exceeding twenty acres which is so situated that two-thirds of any line or boundary thereof

lies upon or touches the boundary line, may be taken into the city. There is another provision that in adding territory in a city, if it becomes necessary to make the boundary straight or harmonious, a portion or a piece of land may be taken into such city if such portion taken in does not exceed twenty acres. The proposed annexation does not conform to any of the four authorized methods. The petition shows affirmatively that the land was not platted into blocks and lots. There was no denial of this averment of the petition and the allegation in the answer that it had been subdivided into small parcels does not answer plaintiff's allegation that it had not been divided into blocks and lots. Nor was it alleged by defendants that any streets or alleys had been designated or dedicated through the tract, the necessary accompaniment of a platted division into blocks and lots. The petition further shows that the tract does not lie within or mainly within the city, and no claim is made under this feature of annexation. It further shows that the area of the tract exceeds twenty acres. The tract as described by metes and bounds discloses that it contains forty acres. Two-thirds of its boundary line may touch the boundary line of the city, but lands exceeding twenty acres in area cannot be taken into the city under this provision, however much of its boundary line may touch the boundary of the city. (*State, ex rel., v. City of Wichita*, 88 Kan. 375, 128 Pac. 369.) There is nothing obscure or complicated in the requirements of the statute and no reason is seen why its provisions may not be understood and followed.

There was no error in the rulings of the district court, and its judgment is therefore affirmed.